IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12cv157

| | | |
|---|---|---|
| CLEAR CREEK LANDING HOME OWNERS' ASSOCATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | ORDER |
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, | ) ) ) | |
| Defendant. | ) ) | |

Pending before the Court is Defendant=s Motion to Dismiss [# 5]. This action stems from a dispute over insurance coverage for damage sustained to the roofs of several buildings during a hail storm. Defendant moves to dismiss Counts Two and Three. The Court **GRANTS** the Motion to Dismiss [# 5].

I.  Background

Plaintiff is a North Carolina corporation that operates a homeowner's association for the North Carolina residential community known as Clear Creek Landing. (Pl.=s Compl. && 1-2.) Clear Creek Landing is comprised of ten condominiums and thirty-one villas. (Id. ¶ 2.) Plaintiff owns the roofs of the five buildings housing the condominiums. (Id. ¶ 4.)

Defendant is a Connecticut corporation.  (Id. ¶ 6.)   In 2008, Defendant issued an insurance policy to Plaintiff providing commercial general liability insurance for the five buildings.  (Id. ¶¶ 9, 11.)   This insurance policy covered any hail damage to the buildings.  (Id. ¶¶ 12-13.)   At all times pertinent to this dispute, Plaintiff paid the premiums for this policy, and the policy remained in effect.  (Id. ¶¶ 14-15.)

On June 2, 2011, a hailstorm damaged the roofs of the five insured buildings.  (Id. ¶ 16.)   A roofing professional then examined the roofs of the five buildings at the request of Plaintiff and determined that the roofs needed to be replaced as a result of the damage sustained in the hailstorm. (Id. ¶ 18.) The roofing professional estimated the cost of replacing the roofs at $42,430.00.  (Id.)   Subsequently, Plaintiff made a claim under the policy issued by Defendant for the replacement costs of the roofs.  (Id. ¶ 19.)

Defendant then issued Plaintiff five checks totaling $4,030.05 on July 5, 2011, for the covered losses.  (Id. ¶ 21.)   Defendant, however, denied Plaintiff's claim for the total replacement costs of the five roofs.  (Id. ¶¶ 20-21.)   After Defendant re-inspected the property at Plaintiff's request, Defendant issued a supplemental check in the amount of $2,434.69.  (Id. ¶ 22.)   Again, Defendant refused to pay the claim for the entire replacement costs of the roofs, finding that the damage to the roofs of the buildings was

attributable to "stress damage" rather than hail damage. (Id. ¶¶ 22, 25.)

Plaintiff contends that Defendant denied the claim for replacement of the roofs in bad faith. (Id.) As evidence of Defendant's alleged bad faith refusal to cover the loss under the policy, Plaintiff alleges that Defendant approved claims for hail damage caused by the same storm for the roofs of surrounding homeowners. (Id.) In addition, Plaintiff alleges that an unspecified "representative or agent behaved unprofessionally. . . ." (Id.)

Subsequently, Plaintiff brought this action in the Superior Court of Henderson County, North Carolina asserting three causes of action. Count One asserts a claim for payment under the insurance policy for the damage to the roofs. Count Two asserts a claim for bad faith settlement. Count Three asserts a claim for unfair and deceptive trade practices pursuant to Chapters 75 and 58 of the North Carolina General Statutes. Defendant removed the case to this Court on the basis of diversity jurisdiction. Defendant now moves to dismiss Counts Two and Three for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant's motion is now properly before the Court for a ruling.

**II.    Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588

F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.@  Iqbal, 556 U.S. ___, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255.  The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss.  Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193.  Ultimately, the well-pled factual allegations must move a plaintiff=s claims from possible to plausible.  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III. Analysis**

**A. Bad Faith Claim Settlement**

North Carolina courts have recognized a tort for the bad faith refusal by an insurance company to settle a claim.  See Lovell v. Nationwide Mut. Ins. Co., 424 S.E.2d 181, 184 (N.C. Ct. App. 1993); see also Cleveland Constr., Inc. v. Fireman's Fund Ins. Co., 819 F. Supp. 2d 477, 483 (W.D.N.C. 2011) (Mullen, J.); Blis Day Spa, LLC v. The Hartford Ins. Grp., 427 F. Supp. 2d 621, 631 (W.D.N.C. 2006) (Conrad, C.J.)  In order to state a bad faith claim against an insurer, a plaintiff must allege: (1) that the insurer refused to pay a claim after the insurer recognized the claim as valid; (2) bad faith; and (3) aggravating or outrageous conduct.  Lovell, 424 S.E.2d at 184; Cleveland

Constr., 819 F. Supp. 2d at 483; Blis Day Spa, 427 F. Supp. 2d at 631; see also Topsail Reef Homeowners Ass'n v. Zurich Specialties London, Ltd., 11 Fed. App'x 225, 237 (4th Cir. 2001) (unpublished). "Bad faith means 'not based on honest disagreement or innocent mistake.'" Topsail, 11 Fed. App'x at 239 (quoting Daily v. Integon Gen. Ins. Corp., 331 S.E.2d 148, 155 (N.C. Ct. App. 1985)); Cleveland Constr., 819 F. Supp. 2d at 483. A plaintiff may demonstrate aggravating conduct by showing fraud, malice, gross negligence, insult, rudeness, oppression, or reckless and wanton disregard of a plaintiff's rights. Lovell, 424 S.E.2d at 185; Blis Day Spa, 427 F. Supp. 2d at 631. A plaintiff, however, must allege more than an honest disagreement as to the validity of the claim. See Topsail, 11 Fed. App'x at 239.

Here, the Complaint fails to allege sufficient factual allegations supporting each element of a cause of action for bad faith settlement. As a threshold matter, the Complaint fails to allege that Defendant ever recognized the claim for replacement of the roofs as valid, as required to state a claim under North Carolina law. See Lovell, 424 S.E.2d at 184; Cleveland Constr., 819 F. Supp. 2d at 483; Blis Day Spa, 427 F. Supp. 2d at 631. Instead, the Complaint alleges that Defendant has maintained that the claim *is not valid* because the damage to the roof was the result of stress damage as opposed to hail damage. The fact that Defendant may have determined that

˘6˘

claims submitted by other insured for damage to their roofs were valid does not satisfy Plaintiff's requirement to plead facts demonstrating that Defendant recognized that Plaintiff's claim was valid. Absent such allegations, Plaintiff cannot state a claim for bad faith settlement. See Lenior Mall, LLC v. State Farm Fire and Cas. Co., No. 5:10cv40, 2011 WL 3682794, at *2 (W.D.N.C. Aug. 23, 2011) (Mullen, J.) (dismissing claim for bad faith settlement where plaintiff failed to plead facts showing that the insurance company ever recognized that Plaintiff's claim was valid).

Moreover, the Complaint fails to allege facts demonstrating that Defendant acted with bad faith in denying the claim. Defendant promptly inspected and re-inspected the damaged roofs in question and found that the full replacement of the roofs was not covered under the insurance policy because the damage was attributable to stress damage as opposed to hail damage. Although a roofer hired by Plaintiff determined that the roofs needed to be replaced because of hail damage, this fact merely demonstrates that the parties have a legitimate, honest disagreement as to the cause of the roof damage and, thus, the validity of the claim. A disagreement between an insured and an insurer as to the validity of a claim does not transform Plaintiff's breach of contract claim into a tort for bad faith settlement. See Topsail, 11 Fed. App'x at 239. Accordingly, the Court **GRANTS** the Motion

to Dismiss [# 5] as to Count Two.

## B. Unfair and Deceptive Trade Practices

In order to make out a *prima facie* case for unfair and deceptive trade practices pursuant to N.C. Gen. Stat. §75-1.1, a plaintiff must show that: (1) the defendant committed an unfair or deceptive act or practice; (2) that this act or practice was in or affecting commerce; and (3) that the act or practice proximately caused the plaintiff's injury. Gray v. N.C. Ins. Underwriting Ass'n, 529 S.E.2d 676, 681 (N.C. 2000); Hospira Inc. v. Alphagary Corp., 671 S.E.2d 7, 12 (N.C. Ct. App. 2009); Sessler v. March, 551 S.E.2d 160, 167 (N.C. Ct. App. 2001). A practice is unfair if it "'is immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers.'" Branch Banking and Trust Co. v. Thompson, 418 S.E.2d 694, 699 (N.C. Ct. App. 1992) (quoting Johnson v. Phoenix Mut. Life Ins. Co., 266 S.E.2d 610, 621 (N.C. 1980)); Sessler, 551 S.E.2d at 167. A practice is deceptive where it has the tendency or capacity to deceive. Thompson, 418 S.E.2d at 699; Sessler, 551 S.E.2d at 167.

In assessing whether an insurer's conduct was unfair or deceptive, Courts must also look to the North Carolina's Insurance Unfair Trade Practices Act (the "IUTPA"). See ABT Bldg. Prods. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 472 F.3d 99, 123 (4th Cir. 2006). Pertinent to this

dispute is Section 58-63-15(11)(f), which prohibits an insurer from "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." N.C. Gen. Stat. § 58-63-15(11)(f). As the Fourth Circuit has explained, "a violation of section 58-63-15(11)(f) of the IUTPA constitutes an unfair or deceptive trade practice under the UDTPA-as a matter of law-because such conduct is inherently unfair, unscrupulous, immoral, and injurious to consumers." ABT Bldg. Prods., 472 F.3d at 123 (internal quotations and citation omitted); see also Gray v. N. C. Ins. Underwriting Assoc., 529 S.E.2d 676, 683-84 (N.C. 2000); Scott v. Nationwide Mut. Ins. Co., 643 S.E.2d 653, 658 (N.C. Ct. App. 2007). Moreover, a plaintiff need not make the additional showing that the conduct in question was a general business practice in order to rely on the IUTPA to establish a claim pursuant to Section 75-1.1. Gray, 529 S.E.2d at 683; The Country Club of Johnston Cnty, Inc. v. U.S. Fid. & Guar. Co., 563 S.E.2d 269, 243-44, 246 (N.C. Ct. App. 2002).

Although Plaintiff contends in response to the Motion to Dismiss that it has stated a claim pursuant to Section 75-1.1 based on Defendant's alleged violation of Section 58-63-11(f), the Complaint fails to set forth sufficient factual allegations demonstrating that Defendant did not attempt in good faith to effectuate the prompt, fair, and equitable settlement of the claims.

Rather, the Complaint alleges that Defendant promptly inspected the damaged roofs and then re-inspected the roofs at Plaintiff's requests. Defendant issued settlement checks totaling $6,464.73 to cover losses from the hailstorm. In addition, Defendant provided Plaintiff with a rationale for why it was not covering the entire replacement costs for the roofs. Like Plaintiff's claim for bad faith settlement, the fact that Plaintiff may disagree with the assessment of Defendant as to the cause behind the need for the complete replacement of the roofs does not transform a run of the mill insurance dispute into a tort cognizable under Section 75-1.1. Moreover, the Complaint fails to sufficiently allege that liability was reasonably clear as to the replacement of the roofs. Finally, the Complaint fails to set forth sufficient factual allegations demonstrating any unfair or deceptive act or practice that could form the basis of a claim under Section 75-1.1 separate and distinct from Plaintiff's claim based on Section 58-63-11(f). Accordingly, the Court **GRANTS** the Motion to Dismiss as to Count Three.

VI. **Conclusion**

The Court **GRANTS** the Motion to Dismiss [# 5] and **DISMISSES** Counts Two and Three.

Signed: December 19, 2012

Dennis L. Howell
United States Magistrate Judge